UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAVERNE CARR,

        Plaintiff,

v.

CAPITAL ONE BANK (U.S.A.), N.A.,

        Defendant.

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## COMPLAINT

LAVERNE CARR ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CAPITAL ONE BANK (U.S.A.), N.A. ("Defendant").

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendants' conduct business in the State of New York, therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person residing in Bronx, New York.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with an office located at 1680 Capital One Drive, Mclean, VA 22101.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number (718-374-****) that she has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or before August 2014, and continuing through October 2014, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis from phone number 855-736-2708.

14. During the relevant period, Defendant placed repeated calls to Plaintiff on her cellular telephone.

15. Upon information and belief, Defendant used an automatic telephone dialing system when calling Plaintiff's cellular telephone.

16. Plaintiff knew these calls were automated as a pre-recorded automated message would play at the beginning of each call.

17. Defendant's telephone calls were not made for "emergency purposes."

18. In August 2014, Plaintiff revoked any consent previously given to Defendants to place telephone calls to her cellular telephone number.

19.　The Federal Communications Commission has recognized a right to revoke consent. See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991 Am. Ass'n of Healthcare Admin. Mgmt. Am. Bankers Ass'n Coal. of Mobile Engagement Providers Consumer Bankers Ass'n Direct Mktg. Ass'n Paul D. S. Edwards Milton H. Fried, Jr., & Richard Evans Glide Talk, Ltd. Global Tel*link Corp. Nat'l Ass'n of Attorneys Gen. Prof'l Ass'n for, CG02-278, 2015 WL 4387780, at *21 (OHMSV July 10, 2015).

20.　Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling her cellular telephone number.

21.　Despite the above, Defendant persisted in calling Plaintiff on her cellular telephone for several weeks.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22.　Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23.　Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

24.　Defendant's calls to Plaintiff were not made for emergency purposes.

25.　Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

26.　Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, LAVERNE CARR, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LAVERNE CARR, demands a jury trial in this case.

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated: August 21, 2015 | By: /s/ Craig Thor Kimmel |
|   | Craig Thor Kimmel, Esquire |
|   | Attorney ID # 2790038 |
|   | Attorney for Plaintiff |
|   | Kimmel & Silverman, P.C. |
|   | 1207 Delaware Avenue, Suite 440 |
|   | Buffalo, NY 14209 |
|   | Phone: (716) 332-6112 |
|   | Facsimile: (877) 788-2864 |
|   | Email: kimmel@creditlaw.com |